## No. 60
### MOSIER et v. SHELTON et
No. 18878. Supreme Court

On motion to direct Gallia Appeals to certify record; Dock. 12-23-24, 3 Abs. 3.

1049. RIPARIAN RIGHTS—Does prescriptive right arise where one makes use of creek for over 21 years, openly, notoriously, and continuously?

Mosier maintained and operated a grain mill which was located on a higher level than certain land owned by Shelton. Being near a creek, it was operated by water power and it was necessary to use a dam in which to back up sufficient water. Shelton's land, in which he had planted corn, and had been cultivated at some expense, was overflowed by a break in the dam. The corn became worthless, and the land was depreciated in value, because of the resulting swampy condition due to the overflow.

Shelton sought to recover damages for $1200 but a judgment in favor of Mosier was returned. Shelton took it to the Court of Appeals, which reversed the judgment of the Common Pleas Court for the following reasons:

That the defense set up by Mosier, that mill had been operated for over 21 years openly and continuously; is not so sufficient as to strengthen the operation and maintenance thereof.

Mosier contends that a prescriptive right as to use of creek arises out of long occupancy of mill. The height of the dam in question was not over 12 feet from bed of creek. That is the fall of water necessary to turn wheel was not greater than that distance.

Shelton on the other hand, declares that the operation of the mill was wrongful in that the filling of the dam made it impossible for the creek to have the natural flow capacity it had before.

Attorneys—Hollis C. Johnston, Gallipolis, and R. A. Howell, Patriot, for plaintiffs; Henry W. Cherrington, Gallipolis, for defendants.

## No. 61
### SCMITZ et al v MARVIN et al
No. 18852. Supreme Court.

Pending in Supreme Court, Dock. Dec. 2, 1924. 2 Abs. 770.

CONVEYANCES—When there is a conflict between distance and monument to determine boundaries of land, which shall control?— Where description in deed is adverse to intention of parties, which shall prevail?

In 1912 Schmitz conveyed to Marvin a tract of land. In 1920, when the mortgage had been paid and shortly before execution of the deed, a survey was made which gave Marvin an additional ten foot strip of land from the farm of Steinmetz, the adjacent owner. This owner brought suit to evict Marvin claiming he was unlawfully kept out of possession by Marvin, and in this action was successful.

This instant action was then commenced, in the Lorain Common Pleas, by Marvin against Schmitz, in which he sought to recover damages on covenants of warranty in the deed from Schmitz to himself. The Common Pleas held that Marvin was entitled to recover; deciding against the request of Schmitz, who then filed an answer alleging a mutual mistake, and asked that the deed be reformed to conform to the intention of the parties. On hearing the equitable question thus raised was decided against Schmitz in the lower court, and the Court of Appeals affirmed this judgment.

Schmitz then, on leave, filed a second amended answer and reply and the case being tried to a jury, resulted in a verdict in favor of Marvin. The holding of the Common Pleas was again affirmed by the Court of Appeals.

The description of the deed states the depth of the land to be, from the front, 219.5 feet, to the center line of a certain road, and "passing through an iron pin set in the westerly line of the said road." It is claimed that the pin is but 209.5 feet from the starting point of the line, thus depriving Marvin of a strip ten feet he is entitled to, if it is accepted as the west terminal. Marvin claims that upon execution of the deed both parties agreed that the pin should be the boundary point, and that later, after the survey, it was claimed that the iron pin should be ignored, because it comes into the case merely as a point on what the parties thought was the true boundary line.

The principal issues for the court to determine are:

1. When, in a description in a deed, two monuments are mentioned, which shall take preference and become the controlling monument?

2. When grantors to a deed intend to convey only a certain tract of land, but by mistake in designation cause to be included a part of an adjoining farm, in the deed of its execution at the time, should such strip be included?

Attorneys—T. A. Conway, for Schmitz; Findlay & Myers, for Marvin; all of Elyria.

## No. 62
### WARNER et al v. PIECHOCKI
No. 18883. Supreme Court

Before Supreme Court on motion to Henny Appeals to certify. Dock. 12-29-24. 3 Abs. 3; for Appeals decision see 3 Abs. 12.

54. AGENCY—If principal accepts services of his agent after agent's disclosure of dual agency, is he entitled to recover commission?

An agent representing both parties in exchange of real estate, received a commission from both. He failed to disclose to either party his dual agency. From the uninformed principal he secured a note which he afterwards sued.

The action was defended on the ground of non-disclosure of the dual agency. Action was tried to a jury and the note held invalid to the extent of the commission received from the opposite principal.

The Henry Common Pleas charged the jury that unless the agent disclosed all facts concerning the commission from the opposite party, the agent could not recover. The Court of Appeals reversed the Common Pleas on the grounds that the charge of the trial judge was erroneous because he should have included in his charge, that if the agent did disclose his dual agency to his principal and his principal after the disclosure did accept the services of the agent, the agent is entitled to recover. The plaintiff's contention is that:—

The record of the evidence shows that there was no disclosure whatever and the principal of the law omitted from the charge of the court is not applicable to this action.

Attorneys—D. D. Donovan & Geo. A. Meekison, Napoleon, for plaintiffs; Edgar M. Flowers, Toledo, for defendant.